UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| SAWTOOTH CAPITAL LLC, Managing Member Brud Rossman,  )<br>) | CASE NO. 1:12 CV 481 |
| Plaintiff,  )<br>) | JUDGE JAMES S. GWIN |
| v.  )<br>) | OPINION AND ORDER |
| ELLEN S. HUVELLE, United States District Judge )<br>for the District of Columbia,  )<br>) | |
| Defendant.  ) | |

On February 28, 2012, this action was filed by Attorney Brud Rossman, on behalf of Sawtooth Capital LLC, against Ellen S. Huvelle, who is a United States District Judge for the District of Columbia.[1] The 96-page complaint sets forth a number of grievances concerning the manner in which Judge Huvelle presided over *Rossman v. Chase Home Finance*, District of Columbia D.C. No. 1:10 CV 977. That case was dismissed on March 25, 2011, and an appeal from the dismissal is pending.[2]

The complaint indicates the specific events and omissions of which Mr. Rossman complains

---

[1] The clerk's office sent a Notice to Mr. Rossman stating it had no record of his having been admitted to practice in the Northern District of Ohio. The Notice requested, pursuant to LR 83.5, that he apply for admission or file a motion to be admitted pro hac vice within 10 business days. To date, he has not done so.

[2] D.C. Court of Appeals No. 11-7040.

concerning Judge Huvelle occurred in the District of Columbia, where she is located. Indeed, there is no apparent connection between her alleged actions and this District, even though Mr. Rossmann observes that the defendants in the case over which she presided do business here. (ECF # 1, p.2).[3] Thus, there is no apparent basis for proper venue in this court. 28 U.S.C. § 1391(b).[4]

An improperly venued action shall be dismissed unless it is "in the interest of justice" that it be transferred to a district or division in which it could have been brought. 28 U.S.C. § 1406(a). In view of Judge Huvelle's absolute immunity for actions taken within her judicial capacity, *see, e.g.*, *Mireles v. Waco*, 502 U.S. 9 (1991), and that there is an appeal pending in *Rossman v. Chase Home Finance*, the court finds it would not be in the interest of justice to transfer this matter.

Accordingly, this action is dismissed.

IT IS SO ORDERED.

Dated: March 19, 2012                          *s/   James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE

---

[3] Although this Court does not decide the issue, it also does not appear that this Court has personal jurisdiction over Judge Huvelle.

[4] Title 28 U.S.C. § 1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.